IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL M. BRUNHAMMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 15-864-GMS |
| | ) |
| JACK A. MARKELL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 13th day of Jan, 2016,

The plaintiff, Paul M. Brunhammer ("Brunhammer"), a New Jersey inmate at the Adult Diagnostic & Treatment Center ("ADTC") in Avenel, New Jersey, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 1.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) Pending before the court is Brunhammer's motion for a preliminary injunction barring any and all future prosecution of him in the State of Delaware. (D.I. 22.)

In order to be granted a temporary restraining order or preliminary injunction, a plaintiff must demonstrate, the likelihood of success on the merits. *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). Brunhammer cannot demonstrate the likelihood of success in seeking injunctive relief because, except in rare instances not present here, the court must abstain from the issuance of injunctions directed to state court criminal prosecutions.

Pursuant to the doctrine developed in *Younger v. Harris*, 401 U.S. 37 (1971), "federal courts should abstain from enjoining state criminal prosecutions because of principles of comity and federalism, unless certain extraordinary circumstances exist." *Marran v. Marran*, 376 F.3d

143, 154 (3d Cir. 2004). In addition, comity concerns are implicated by a request to enjoin state court criminal proceedings. *See Gonzalez v. Waterfront Comm'n of the N.Y. Harbor*, 755 F.3d 176, 180 (3d Cir. 2014) ("In *Younger*, the Supreme Court held that absent a showing of bad faith or an intent to harass, federal courts should decline requests to enjoin state criminal prosecutions, 'particularly . . . when the moving party has an adequate remedy in state court.'") (internal citations and quotations omitted).

Brunhammer seeks immediate action because he has less than a month left on his New Jersey sentence and claims he has been denied his right to a speedy trial and right to counsel. (D.I. 22.) Brunhammer previously sought, and was denied the injunctive relief he now seeks. (*See* D.I. 19.) Nothing has changed since that time.

To reiterate, in the instant case, Brunhammer's ongoing state court proceedings are penal in nature. His allegations concern additional alleged violations of rights that will be caused by the continuance of his criminal prosecution and, therefore, his motions squarely implicate the comity and federalism concerns Younger abstention prevents.

To the extent Brunhammer will be harmed by the continuance of his criminal prosecution in the Superior Court, he has adequate remedies in that state forum to prevent the violation of his rights. Therefore, the court **denies** the motion for a preliminary injunction. (D.I. 22.)

UNITED STATES DISTRICT JUDGE

2